Filed 11/25/24  P. v. Castle CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C099167 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-173587) |
| v. | |
| RYAN MATTHEW CASTLE, | |
| Defendant and Appellant. | |

After a jury found defendant Ryan Matthew Castle guilty of the rape of 12-year-old Jane Doe and four counts of committing lewd conduct against her, the trial court sentenced him to 27 years in state prison.  Defendant challenges his convictions on the first two counts of lewd conduct (counts one and two) because he asserts the trial court erred by instructing the jury with CALCRIM No. 1191A, allowing it to consider evidence of uncharged misconduct if it found that misconduct true by a preponderance of the evidence rather than beyond a reasonable doubt.  We will affirm.

1

BACKGROUND

The second amended information charged defendant with four counts of lewd conduct on a child [counts one through four] (Pen. Code, § 288, subd. (a))[1] and one count of rape [count five] (§ 261, subd. (a)(2)). The information further alleged factors in aggravation not relevant here.

Jane Doe was 12 years old at the time of the offenses in 2019.[2] She lived in a homeless shelter with her mother. Defendant was about 31 years old at the time. He befriended Jane Doe and her mother and Jane Doe thought of him as an older brother.

In January or February of 2019, Jane Doe and her mother were staying in a hotel. After all the adults left their hotel room, defendant returned to the room to get something. Jane Doe was in the hotel room alone. Defendant pushed Jane Doe up against a wall, kissed her on the mouth, and placed his tongue in her mouth. Jane Doe testified that happened other times in that hotel room.

On cross-examination, Jane Doe also testified that an incident occurred about a day and a half after the first kissing incident while she was outside the hotel "messing around with a tree and just being a kid." Defendant came up to Jane Doe and she walked away. Defendant followed Jane Doe behind a bush and started kissing her. These kissing incidents at the hotel formed the basis for the lewd conduct alleged in counts one and two.

Jane Doe testified about uncharged sexual offenses allegedly committed by defendant against her. In one incident, Jane Doe, was in a hotel room with her mom, defendant, and his girlfriend. Defendant started commenting on Jane Doe's body.

---

[1]     Further undesignated section references are to the Penal Code.

[2]     We limit our discussion of the facts to those disclosed by the victim on the first two counts as well as the uncharged misconduct. Because defendant limits his challenge solely to the trial court's use of CALCRIM No. 1191A, we decline to provide an extended discussion of all the evidence implicating defendant in these crimes.

2

Defendant instructed Jane Doe to move to another part of the hotel room and sit on the floor. Defendant continued to make sexual comments. Defendant told Jane Doe to lie on her back. He pulled her pants down and orally copulated her.

When asked by defendant's counsel if other kissing incidents occurred, Jane Doe said yes. Jane Doe testified that one day she was sitting in her mother's car across the street from a homeless shelter. Defendant invited Jane Doe on a walk. While they were walking, defendant pulled Jane Doe aside and repeatedly kissed her on the mouth.

In another incident, defendant drove with Jane Doe in his car. He drove around the block and started commenting about her and her body. When defendant stopped the car, he put his hand on her thigh and kissed her on the mouth until she pushed him back in his seat and got out of the car.

The trial court instructed the jury with CALCRIM No. 1191A on the subject of uncharged offenses as follows: "You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant in fact committed the uncharged offenses. Proof by a preponderance of the evidence is a different burden of proof from proof beyond a reasonable doubt. A fact is proved by a preponderance of the evidence if you conclude that it is more likely than not that the fact is true. [¶] If the People have not met this burden of proof, you must disregard this evidence entirely. [¶] If you decide that the defendant committed the uncharged offenses, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit sexual offenses, and, based on that decision, also conclude that the defendant was likely to commit and did commit [Penal Code section] 288 [, subdivision] (a) and [Penal Code section] 261 [, subdivision] (a)(2), as charged here. If you conclude that the defendant committed the uncharged offenses, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of [Penal Code section] 288 [, subdivision] (a), and [Penal Code

3

section] 261 [, subdivision] (a)(2).  The People must still prove each charge beyond a reasonable doubt."

The jury found defendant guilty of all five counts.  After finding the aggravating factors true, the trial court sentenced defendant to an aggregate term of 27 years in state prison.

Defendant filed a timely notice of appeal.

DISCUSSION

Relying on *People v. Gonzales* (2017) 16 Cal.App.5th 494, 505-507 (conc. opn. Perren, J.), defendant challenges his convictions on counts one and two by arguing the trial court erred by instructing the jury with CALCRIM No. 1191A.  He acknowledges this court reached the opposite conclusion in *People v. Panighetti* (2023) 95 Cal.App.5th 978 (*Panighetti*) but asks us to disregard that contrary conclusion.  We decline defendant's invitation.

In *Gonzales*, our colleagues in the Second District, Division Six, concluded that giving the substantially identical CALCRIM No. 1191 did not violate defendant's due process rights.  (*People v. Gonzales, supra*, 16 Cal.App.5th at p. 502 (maj. opn. of Gilbert, J.)  The appellate court rejected defendant's argument that the jury instruction irrationally allowed the jury to conclude the victim's testimony about uncharged misconduct could corroborate her testimony about the charged offenses.  (*Ibid*.)  It also rejected defendant's argument the instruction likely resulted in the jury misapplying the beyond-a-reasonable-doubt burden of proof for the charged offenses because the jury could consider the uncharged misconduct if it found the uncharged misconduct true by a preponderance of the evidence.  (*Ibid.*)  Justice Perren wrote separately to argue the trial court should have instructed the jury that uncharged offenses committed against the victim must be proven by a higher standard where the only evidence of the uncharged offense consists solely of the victim's testimony.  (*Gonzales,* at pp. 505-507 (conc. opn.

4

Perren, J.).) Justice Perren, however, garnered no support from his colleagues on this point.

In *Panighetti*, we reviewed the propriety of this jury instruction anew. In that case, the defendant was convicted of several sexual offenses for actions he took that exceeded the scope of his victim's consent. (*Panighetti, supra*, 95 Cal.App.5th at p. 982.) At trial, the victim testified the defendant committed multiple prior uncharged criminal sexual offenses and domestic violence upon her. (*Id.* at p. 996.) This evidence was submitted to prove the defendant's propensity to commit the charged offenses. (*Ibid.*)[3]

Based on *People v. Reliford* (2003) 29 Cal.4th 1007, 1013, we concluded that CALCRIM No. 1191A is consistent with the law and does not violate the defendant's due process rights. (*Panighetti, supra*, 95 Cal.App.5th at pp. 997, 1000.) We decided this instruction did not confuse or mislead the jury or lower the standard of proof for guilt on the charged offenses. (*Id.* at pp. 997-998.) Specifically, and as relevant here, we rejected the defendant's contention that it is too complicated a task for a jury to distinguish between the burden of proof by a preponderance of the evidence for uncharged offenses and proof beyond a reasonable doubt for charged offenses when the evidence of charged and uncharged crimes comes from the testimony of the same victim. (*Id.* at p. 998.) Having found the instruction correctly stated the law, we declined to act on Justice Perren's concerns as stated in his concurring opinion in *Gonzales*. (*Id*. at p. 998, fn. 8.) For these same reasons, we again conclude CALCRIM No. 1191A accurately states the law and does not violate defendant's due process rights.

---

**3** Defendant's failure to object to the instruction was not forfeited as defendant asserts the issue involves a violation of substantial constitutional rights. (*Panighetti, supra*, 95 Cal.App.5th at p. 997.)

DISPOSITION

The judgment is affirmed.

_____\s\_____,
Krause, J.

We concur:

_____\s\_____,
Robie, Acting P. J.

_____\s\_____,
Feinberg, J.